(February 15, 1995)

■ In the Matter of RICHARD J. SILBERFEIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [622 NYS2d 819] —Per Curiam. Respondent was admitted to practice by this Court in 1989; that same year he was also admitted to practice in New Jersey.

On December 3, 1992, pursuant to a plea agreement, respondent was convicted of the class A misdemeanor of criminal possession of a controlled substance (cocaine) in the seventh degree under Penal Law § 220.03. He was sentenced to a conditional discharge with the requirement that he perform five days of community service or serve a thirty-day jail sentence.

In New Jersey, by consent order dated June 21, 1994, respondent was temporarily suspended from the practice of law. By order dated October 11, 1994, the New Jersey Supreme Court suspended respondent for a period of three months, retroactive to June 21, 1994; the order further restored respondent to the practice of law, effective immediately.

Petitioner, Committee on Professional Standards, now moves to reciprocally discipline respondent pursuant to section 806.19 (22 NYCRR 806.19) of this Court's rules. Respondent has submitted an answering affidavit.

According to the papers submitted by petitioner, respondent was arrested in early October 1992 after being observed purchasing drugs in Manhattan. Upon arrest, he was found in possession of cocaine and charged with criminal possession of a controlled substance in the fifth degree, a class D felony under Penal Law § 220.06. He promptly reported his arrest and subsequent conviction to the disciplinary authorities in New York and New Jersey. Respondent has no prior disciplinary record; he has voluntarily entered into counseling because of the incident; and it appears the cocaine was intended solely for personal use.

In view of the above, we find the imposition of reciprocal discipline warranted and grant petitioner's motion. We conclude that the ends of justice will be served by imposing upon respondent a six-month suspension from the practice of law, retroactive to June 21, 1994. We further restore respondent to practice, effective immediately.

Cardona, P. J., Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of six months, effective June 21, 1994; and it is further ordered that respondent be and hereby is reinstated to the practice of law, effective immediately.